I respectfully disagree with the majority's conclusion that plaintiff is in compliance with the October 1, 1999 Opinion and Award of the Industrial Commission ordering plaintiff to comply with the treatment recommendations of Dr. Hanson.
On November 6, 1997, plaintiff requested Dr. Alan Towne be designated as his authorized treating physician. This request was denied by the Commission pursuant to an Order filed on November 19, 1997. Thereafter, plaintiff filed two additional motions to change his treating physician. On February 11, 1998, the Commission again denied plaintiff's motions. At that time, plaintiff was ordered to comply with the treatment Dr. Hansen deemed necessary and was instructed that his failure to observe the order designating Dr. Hansen as his treating physician could result in suspension of compensation. Plaintiff appealed to the Full Commission and on October 1, 1999, plaintiff's compensation was suspended due to his lack of cooperation regarding his treatment with Dr. Hansen, among other things. This decision was affirmed by the North Carolina Court of Appeals.
Despite being ordered repeatedly to comply with Dr. Hansen and his treatment recommendations and instead of returning to Dr. Hansen to re-establish a treatment relationship, plaintiff continued attempting to circumvent the orders by filing further Requests for Hearings in 2001 and 2004. Both these requests resulted in plaintiff being sanctioned under N.C. Gen. Stat. § 97-88.1. Sanctions which, to date, have not been paid by plaintiff. *Page 12 
On February 14, 2005, over four years after the Court of Appeals affirmed the Commission's order that plaintiff comply with Dr. Hansen's treatment recommendations, plaintiff finally returned to see Dr. Hanson. At this appointment, plaintiff clearly explained to Dr. Hansen that the only reason he was there was because his benefits had been cut off and he needed Dr. Hansen to refer plaintiff to the physicians plaintiff had been seeing without Commission approval, including Dr. Towne. Dr. Hansen did not examine plaintiff and did not prescribe medications. No ongoing physician-patient relationship was established and no follow-up appointment was made. Plaintiff merely returned to Dr. Hansen to get Dr. Hansen to refer him to the very doctors that the Commission has repeatedly determined plaintiff should not seek treatment from. This does not constitute substantial compliance with the Order of the Commission and plaintiff has not provided a justifiable reason for his continued non-compliance with the Order of the Commission.
For these reasons, I believe plaintiff's benefits should not be reinstated as plaintiff has not substantially complied with the Order of the Commission and has not shown justifiable reasons for his failure to comply. *Page 1